<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
DENNIS BENNETT,                      )
                                     ) Civil Action
                                     ) No. 09-cv-01663
             Petitioner              )
                                     )
       vs.                           )
                                     )
EDWARD F. REILLY, JR.                )
CRANSTON J. MITCHELL,                )
PATRICIA K. CUSHWA and               )
ISAAC FULWOOD, JR.,                  )
  In Their Official                  )
  Capacities as Commissioners        )
  of the United States Parole        )
  Commission                         )
                                     )
             Respondents             )
```

\* \* \*

APPEARANCES:

    STUART PATCHEN, ESQUIRE
    Assistant Federal Defender
        On behalf of Petitioner

    ANDREW J. SCHELL, ESQUIRE
    Assistant United States Attorney
        On behalf of Respondents

\* \* \*

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on the Petition for Writ of Habeas Corpus, 28 U.S.C. § 2241 filed by petitioner on April 17, 2009.[1]  Respondents filed a response on July 30, 2009.[2]

      For the reasons articulated in this Opinion, the petition for a writ of habeas corpus is transferred to the United States District Court for the Western District of Pennsylvania because this court lacks jurisdiction pursuant to 28 U.S.C. § 2241(a).

## JURISDICTION

      Petitioner alleges jurisdiction in this case pursuant to 28 U.S.C. § 2241.  Section 2241 provides that a writ of habeas corpus may be granted by a district court "within [its] respective jurisdiction[]."  28 U.S.C. § 2241(a).  Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

## VENUE

      Petitioner alleges that venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events

---

[1]    Petitioner's petition is entitled Petition for Writ of Habeas Corpus[,] 28 U.S.C. § 2241.

[2]    The response is entitled Respondents' Response to Petition for Writ of Habeas Corpus.

giving rise to plaintiff's claims allegedly occurred in Philadelphia County, Pennsylvania, which is located within this judicial district.

## PROCEDURAL HISTORY

On September 30, 1977, the United States District Court for the Eastern District of New York sentenced petitioner Dennis Bennett to a ten-year term of imprisonment, which was later modified to eight years, to be followed by a twenty-year special parole term for possession with intent to distribute heroin.[3]

Petitioner served his eight year sentence, and began serving his special parole term on June 21, 1985.  While serving his special parole term, petitioner violated his parole by committing crimes on three separate occasions.  Consequently, the United States Parole Commission revoked petitioner's parole on three occasions.

First, on January 9, 1991, the United States Parole Commission revoked petitioner's special parole term after he had been convicted of selling a controlled substance,[4] as well as committing administrative violations of his special parole term.

---

[3]  See Respondent's Response to Petition for Writ of Habeas Corpus ("Response"), filed July 30, 2009, Exhibit 2.  The documents provided by the parties do not specify which criminal statute petitioner violated.

[4]  Neither party provides information regarding the jurisdiction in which petitioner's criminal conviction took place, although petitioner appears to concede that his parole was revoked in this instance because of a criminal conviction.  See Petition for Writ of Habeas Corpus[,] 28 U.S.C. § 2241 ("Petition"), filed April 17, 2009, page 3.

On June 27, 1992 petitioner began serving the remainder of his special parole term.[5]

Then, on June 12, 2003, the United States Parole Commission revoked petitioner's special parole term after he had been convicted of giving false information to obtain a passport and illegally entering the United States.[6]  On November 14, 2003, the United States Parole Commission again re-paroled petitioner to serve the remainder of his special parole term.[7]

Finally, after a hearing before the United States Parole Commission on January 14, 2009, the United States Parole Commission revoked petitioner's special parole term on February 7, 2009 after he had been convicted of committing battery[8] in the State of California and had committed administrative violations of his special parole term.  The United States Parole Commission ordered that petitioner be re-paroled

---

[5]   Response, Exhibit 1, page 5.

[6]   The documents provided by the parties do not specify which statutes petitioner violated, although it appears that the crimes described in the government's Response correspond to 18 U.S.C. § 1542 and 8 U.S.C. § 1325.  See also Response, Exhibit 2, pages 3-4.

[7]   Response, Exhibit 2, page 3.

[8]   As described above, the documents provided by the parties do not specify which statute petitioner violated, although it appears that the crime described on page 3 of Exhibit 2 corresponds to Cal. Penal Code § 242.  See Response, Exhibit 2, page 3.

effective July 11, 2009 to serve the remainder of his special parole term.[9]

While incarcerated at the Moshannon Valley Correctional Center, Philipsburg, Pennsylvania, as described above, petitioner, through counsel, filed the within petition on April 17, 2009.  Respondents responded on July 30, 2009.

## CONTENTIONS OF THE PARTIES

### Petitioner's Contentions

Petitioner contends that the United States Parole Commission unlawfully imposed successive special parole terms in violation of the due process clause of the Fifth Amendment and the former 21 U.S.C. § 841(c), as interpreted by the United States Court of Appeals for the Third Circuit in Fowler v. United States Parole Commission, 94 F.3d 835 (3d Cir. 1996).  Petitioner avers that pursuant to 21 U.S.C. § 841(c), the United States Parole Commission has no statutory authority to re-impose successive special parole terms.

Thus, petitioner claims that each time he was re-paroled - on June 27, 1992, November 14, 2003, and July 11, 2009 - the United States Parole Commission should have placed

---

[9] Although neither of the parties have discussed the conditions of petitioner's re-parole, it appears from the Federal Bureau of Prisons records regarding locating an inmate that petitioner was released on July 10, 2009. See http://www.bop.gov/iloc2/LocateInmate.jsp.

petitioner on regular parole, rather than special parole.[10]  See also United States Parole Commission Guidelines, Appendix 6, subsection D (1998).

Petitioner avers that venue is proper in this case because the January 14, 2009 hearing, at which time the United States Parole Commission re-imposed petitioner's special parole term for the third time, occurred in this judicial district. Petitioner contends that because, pursuant to 28 C.F.R. § 2.57(c), a special parole term violator whose parole is revoked shall receive no credit for time spent on parole, unlike a regular parole term violator, the United States Parole Commission must re-credit any time incorrectly forfeited from his previous special parole term revocations.

### Respondents' Contentions

Respondents contend that this petition should be dismissed for two reasons.  First, respondents argue that this court lacks jurisdiction because petitioner filed the petition while he was incarcerated in Moshannon Valley Correctional Center, Philipsburg, Clearfield County, Pennsylvania.  Moshannon Valley Correctional Center is located in the territory of the

---

[10]  Petitioner's habeas petition provides the dates that he was re-released to his special parole term as June 27, 1992, November 15, 2003, and July 11, 2009.  Petition, page 3.  However, upon review of the Federal Institutional Revocation Prehearing Assessment, it appears that petitioner was re-released for the second time on November 14, 2003, instead of November 15, 2003.  Response, Exhibit 2, page 3.  In addition, as described above, it appears from the Federal Bureau of Prisons records that petitioner was released on July 10, 2009, instead of July 11, 2009.

United States District Court for the Western District of Pennsylvania.[11]

Respondents aver that it is well established that a writ of habeas corpus can only issue from a court with jurisdiction over the prisoner or his immediate physical custodian, at the time the petition is filed. See Rumsfeld v. Padilla, 542 U.S. 426, 442-443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513, 532-533 (2004); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

Respondents argue that because this court did not have jurisdiction over either petitioner or his custodian at the time petitioner filed the petition, the petition should either be dismissed without prejudice for petitioner to re-file in the United States District Court for the Western District of Pennsylvania or transferred to that district.  Further, because petitioner is not proceeding pro se, respondents aver that the petition should be dismissed without prejudice, rather than transferred.

In addition, respondents contend that the petition should be dismissed for lack of standing.  Respondents claim that

---

[11]    In its response to the within petition, the government asserts that on January 30, 2009 petitioner was transferred to Moshannon Valley Correctional Center and that the facility is located in the jurisdiction of the United States District Court for the Middle District of Pennsylvania. However, as noted above, Moshannon Valley Correctional Center is located in Philipsburg, Clearfield County, Pennsylvania.  Clearfield County, Pennsylvania is within the jurisdiction of the United States District Court for the Western District of Pennsylvania.  See 28 U.S.C. § 118(c).

even if petitioner were correct regarding his argument that the United States Parole Commission should have re-paroled him to regular parole instead of special parole, petitioner cannot show an injury that is likely to be redressed by a favorable decision. See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

Specifically, respondents aver that petitioner would not have received credit for time spent on parole regardless of whether he was re-paroled to a regular or a special parole term. Respondents contend that parole violators on regular and special parole alike forfeit time spent on parole when parole is revoked because of criminal conduct which results in a conviction punishable by imprisonment. 18 U.S.C. § 4210(b)(2).

Because petitioner's parole was revoked in each of the three instances for petitioner's criminal conduct which resulted in a conviction punishable by imprisonment, respondents contend that petitioner is not entitled to a recalculation of his term of parole supervision. Accordingly, respondents aver that petitioner has no standing because he has not been injured by the decisions of the United States Parole Commission, and that the petition must therefore be dismissed.

## DISCUSSION

Petitioner contends that this court has jurisdiction pursuant to 28 U.S.C. § 2241. Section 2241 provides, in

pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

The United States Supreme Court, interpreting section 2241, has held that the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld, 542 U.S. at 443, 124 S.Ct. at 2722, 159 L.Ed.2d at 533.  Further, the jurisdiction over a petition for a writ of habeas corpus is determined at the time when the petition is filed.  Barden, 921 F.2d at 477 n.1.

Petitioner filed his habeas petition while he was incarcerated at Moshannon Valley Correctional Center, Philipsburg, Clearfield County, Pennsylvania, located in the Western District of Pennsylvania.  Although petitioner has since been re-paroled, at the time the petition was filed he challenged his then present physical confinement because he alleged that the United States Parole Commission incorrectly failed to credit the time he spent on parole for each of the three times his parole was revoked, thereby ultimately resulting in a longer prison term.

Applying the "district of confinement rule" to this case, the United States District Court for the Western District of Pennsylvania has jurisdiction because petitioner was confined in that district at the time he filed his habeas petition. Rumsfeld, 542 U.S. at 444, 124 S.Ct. at 2723, 159 L.Ed. 2d at 533.  Accordingly, I conclude that this court does not have jurisdiction over this petition.  Thus, I do not consider respondents' additional arguments regarding petitioner's standing.

Because I conclude that the United States District Court for the Western District of Pennsylvania, as the district of confinement, has jurisdiction, I transfer petitioner's habeas petition to that district.[12]  28 U.S.C. § 1631; see Duff v. Apker, No. 08-cv-5716 (E.D.Pa. Mar. 4, 2009)(Brody, J.).

## CONCLUSION

For all the foregoing reasons, I conclude that this court does not have jurisdiction over petitioner's habeas petition, and I transfer petitioner's habeas petition to the United States District Court for the Western District of Pennsylvania.

---

[12]  I conclude that transfer, rather than dismissal, is in "the interest of justice", as required by 28 U.S.C. § 1631, because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Lawman Armor Corporation v. Simon, 319 F.Supp.2d 499, 507 (E.D.Pa. 2004)(DuBois, J.)(quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39, 42 (1962)).